No. 24,763.

DELLA TAMBLYN, *Appellant,* v. THE COLUMBIAN CIRCLE, *Appellee.*

SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*Case Controlled by Former Decisions.* The decisions
made in *Roper v. Columbian Circle,* ante, p. 280, and *Miller v. Columbian
Circle,* ante, p. 285, are held to be controlling in the present case and require
an affirmance of the judgment.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE,
judge. Opinion filed April 7, 1923. Affirmed.

*W. A. S. Bird,* of Topeka, for the appellant.

*A. M. Harvey,* and *Ralph T. O'Neil,* both of Topeka, for the appellee;
*William H. Beckman,* of Chicago, Ill., of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal brings up for review the construc-
tion of the reinsurance contract made between the Sons & Daughters
of Justice and The Columbian Circle. The questions raised have
been considered and determined in the recent decisions made in
*Roper v. Columbian Circle,* ante, p. 280, and *Miller v. Columbian
Circle,* ante, p. 285. The present case is distinguishable from those
only in that after the reinsurance contract and before the death of
the insured an application was made by her for a certificate in the
Circle at a higher rate of assessment which, when issued, was to take
effect on the first day of the following month and an advanced as-
sessment was paid. The insured died before the new contract went
into effect. The assessment paid was returned and the amount due
under the certificate in the Sons & Daughters of Justice was calcu-
lated on the basis of the assessments which had been paid, and the
amount found to be due was tendered to the beneficiary. It was
paid into court and subsequently accepted by the plaintiff under a
stipulation that her acceptance should not operate as a waiver of
any right she had to claim additional benefits.

The plaintiff brings her action under the reinsurance contract
made by the defendant, and under the construction which has been
placed upon it she can only recover in accordance with its terms.
The new certificate arranged for had not become effective at the

death of the insured and the plaintiff under the decisions made in the Roper and Miller cases can claim no more than she was entitled to under the certificate issued by the Sons & Daughters of Justice, an amount based on the assessments which had been paid by her under the original contract.

We find nothing substantial in the grounds of procedural error alleged, nor any error in the judgment rendered.

The judgment is affirmed.

HARVEY, J., not sitting.